THE SOUTHERN WHITE-LEAD COMPANY *et al.* v. HAAS *et al.*

**Garnishment:** OF MORTGAGEE OF CHATTELS: INTEREST PENDING LITIGATION: ATTORNEY'S FEES. Where a mortgagee of chattels had sold the property and had the proceeds in his possession, and he was garnished by other creditors, and he chose to resist the garnishment, and upon the trial of the case it was found that a part of the mortgage debt was fraudulent, and that he had, at the beginning of the suit, enough of money in his hands to satisfy that portion of his demand which was valid, and also to pay the whole of the demand of the garnishing creditors, *held* that, in the final disposition of the funds, he was not entitled to interest on the valid portion of his claim pending the litigation, nor to attorney's fees in defending the validity of his mortgages.

*Appeal from Dubuque District Court.*—HON. C. F. COUCH, Judge.

FILED, DECEMBER 22, 1888.

THIS is an appeal by defendants from a decree entered in the district court in pursuance of decisions of this court to be found in 73 Iowa, 399.

*Fouke & Lyon,* for appellants.

*Utt Bros., Powers & Lacy, Graham & Cady, J. C. Longueville* and *Henderson, Hurd, Daniels & Kiesel,* for appellees.

The Southern White-Lead Co. v. Haas.

ROTHROCK, J.—I.  It is not necessary to recite the facts of the case.  They are fully set forth in the first opinion above cited.  The defendants were successful in the action in the court below.  Upon an appeal, the decree was modified to the extent of declaring the mortgage void as to part of the claims secured thereby, and valid as to the remainder.  It was held that "the money in the hands of Keine and his agent should first be applied to the satisfaction of the notes mentioned in the mortages which bear date after the twentieth of October, 1882,  *  *  *"  and that "the residue of the money, or so much of it as necessary, will be applied to the satisfaction of the plaintiff's judgments in the order of the garnishments."  No decree was entered in this court.  When the cause was remanded, plaintiffs prepared a decree supposed to be in accord with the opinion of this court.  The defendants prepared a decree by which they claimed interest upon the amount found to be in the hands of Keine pending the litigation.  They also filed an amended claim or supplemental answer of Peter Keine for allowance for services and expenses of attorney's fees in defending the suit by which the validity of the mortgages was tested.  These items amount to about thirty-seven hundred dollars.  The court refused to entertain the supplemental pleading, and approved the decree of the plaintiffs, which did not allow interest on the amount in the hands of Keine pending the litigation.  We think the decree is correct.  A review of the whole record in the case satisfies us that there is no equity in the claim of the defendant Keine for attorney's fees and expenses and for services.  He was allowed the sum of $6,120.96 for expenses, and we think it is sufficient.

II.  Interest was not allowed upon the amount which it was found Keine was entitled to hold as against the plaintiffs.  We think this was correct.  As the cause was finally determined, it was found that there was sufficient in Keine's hands at the commencement of the

suit to pay Keine his legal claim in full, and to pay all of the claims of the plaintiffs. He took his chances in the litigation, just as any other party to a suit. If, at the commencement of the action, he had paid the plaintiffs' claim, that would have been an end of the litigation. He elected to defend and claim the money under the mortgages. He ought not to be allowed to augment his claim pending the litigation. It is true he was a garnishee, but the facts in the case, in connection with his actual interest in the subject-matter of the litigation, satisfy us that there is no merit in the claim for interest upon the fund which was in his hands, and which it was found he was equitably entitled to. It is to be observed that the opinion in this court provides that the money shall first be applied "to the satisfaction of the notes." It is claimed this would include interest on the notes pending the litigation. Whatever technical meaning may be applied to the word "satisfaction," is is enough to say that it was not intended that interest should be allowed pending the suit. The decree approved by the district court will be

AFFIRMED.